JOHN N. DAVIS *vs.* CHARLES H. O'BERRY ET AL. BOARD OF REGISTRY, ETC.

*Elections and Voters—Registration of Voter at an Intermediate Sitting Upon Certificate of Removal—Mistake of Registers—Agreement of Counsel as to Facts Cannot Take the Place of a Bill of Exceptions.*

When a man applies to be registered as a voter at an intermediate sitting of the registers, upon presenting a certificate of removal from another precinct in which he had formerly been registered, it is the duty of the registers, under the plain language of Code, Art. 33, sec. 26, to interrogate the applicant under oath in the same manner as if he had then first presented himself for registration, and the certificate of removal does not operate as a transfer of the registration.

In this case the registers to whom a certificate of removal of a voter was presented did not interrogate the applicant as directed by Code, Art. 33, sec. 16, in the case of new voters, but after examining him as to the truth of the statements endorsed on the certificate, registered him on the books. A petition filed in the Circuit Court asked that the name so entered be struck from the list of voters. *Held*, that the respondent should be allowed to show in this proceeding that he was entitled to be registered as a voter, and if so entitled his name should not be struck from the list on account of the mistake of the registers in dealing with his application.

When the facts upon which the trial Court decided the case are not contained in a bill of exceptions signed by the Judge below, but, after the order appealed from, the record contains an agreement, signed by counsel, setting forth certain facts, and it does not appear that the case was tried upon such agreed statement, the appeal will be dismissed.

Appeal from an order of the Circuit Court for Anne Arun-

del County (REVELL, J.)   The record in this case contained
a petition alleging that the Board of Registers had improperly
registered a certain man as a voter.   This was followed by an
order for a summons and setting the case for hearing and then
by an order of Court dismissing the petition.   Next came an
order for an appeal and an " agreed statement of the case " as
follows : " It is agreed in the above case that Thomas Davis
was a registered voter in the Second Precinct of the First
Election District of Anne Arundel County ; that on the 8th
of October, 1901, he presented a certificate of *erasure* from
said precinct and district to the aforesaid Board of Registry
and demanded registration in the Third Ward (or precinct) of
the Sixth Election District of said county, and was duly reg-
istered therein.   Both of said registers testified that they ad-
ministered to him the oath which he had already taken, as
shown on the certificate of erasure offered in evidence, and
filed in these proceedings ; that they did not require him to
take the oath required by section 16, of Article 33 of the
Code, to be taken by applicants for original registration, and
that the only questions asked the applicant was as to the lo-
cation of his residence and the length of time the said appli-
cant had resided in the said Third Ward of the said Sixth
District.

"Thereupon, the applicant was entered on the registries of
said ward and district as a qualified voter.   On appeal from
the action of the Board of Registry to the Circuit Court, the
said Court dismissed the same and affirmed the action of the
Board of Registry.   From this decision of the Court this ap-
peal is taken this October 19th, 1901.   James W. Owens,
attorney for petitioner ; Jas. R. Brashears, attorney for Board
of Registry ; W. Hallam Claude, attorney for Thos. Davis."

The cause was submitted to the Court on briefs by :

*James W. Owens,* for the appellant.

*Jas. R. Brashears* and *W. Hallam Claude,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Anne Arundel County dismissing a petition asking to have the name of Thomas Davis erased from the registration books of the Third Ward of the Sixth Election District of that county.

According to the allegations of the petition and the statement of facts contained in the record it appears that prior to October 8th, 1901, Davis was a duly registered voter in the Second Precinct of the First Election District of the same county. Having removed to the Third Ward or Precinct of the Sixth District he applied to its Board of Registry for registration on their books, producing at the time a certificate of removal in due form from the Board of Registry of the precinct in which he had formerly been registered. This certificate contained copies of all of the entries concerning Davis which appeared upon the books of his former precinct and had constituted the evidence of his being a duly qualified voter thereof.

When he presented himself for registration to the Board of Registry of the Third Ward of the Sixth District they administered an oath to him, but instead of putting to him the interrogatories required by sec. 16 of Art. 33 of the Code, to be put to an applicant for registration they examined him as to the truth of the statements of the affidavit endorsed on his certificate of removal and his replies being in the affirmative they registered him on their books. That affidavit was that the applicant was the party to whom it was issued and that he had removed to the precinct and district in which he now sought to be registered.

The first question presented by the record is whether sec. 26 of Art. 33 of the Code, which provides for changing the place of registration of a voter who has moved from a precinct in which he was already registered to another precinct or district, contemplates his registration *de novo* in his new precinct or a mere transfer of his former registration. The section under consideration relates to what are sometimes called intermediate registrations *i. e.* to those occurring between the times

fixed by law for general registrations of all of the voters of the State. It provides that at the times therein mentioned "names may be added on the registers in the same way upon sworn application as in the case of a general registration and all the same forms and requirements shall be observed. If it shall appear that any applicant had been upon the registry in any other precinct of any county at any time since the beginning of the last general registration for such precinct, his name shall not be added to the registry where application is made until he produces a certificate of removal given him by the Board of Supervisors of said county or by the Board of Registry for such other precinct."

The language used in this section is plain and unambiguous. It does not even suggest that the certificate of removal is to operate as a transfer of registration. It directs that the new names be added to the registry in the same way upon sworn application as in the case of a general registration and distinctly declares that all the same forms and requirements shall be observed. The purpose of requiring an applicant whose name already appears upon the books of some other precinct to produce a certificate of its removal therefrom as a condition precedent to registration is obvious. It is to prevent the duplication of names upon the registration books and thus remove the opportunity for fraudulent voting.

It may be contended that practically the same result would be obtained by using the certificate of removal as a transfer and transcribing from it into the new registry the same entries which when they were upon the old books secured to the person to whom they referred the right to vote in the precinct in which he then resided, but the language used in the statute is too clear to admit of any such construction.

When Davis made application to be registered in the Sixth District and produced his certificate of removal the registers should have sworn and interrogated him in the same manner as if he had for the first time presented himself for registration.

We think, however, that if he in fact possessed the quali-

fications entitling him to register he should not be deprived of his registration or his vote by the failure or mistake of the registers in dealing with his case. He should have been permitted to show in the Circuit Court under the present proceeding that he was entitled to be registered and if he did so, and in the absence of anything to the contrary in the record we would presume that he did, the petition was properly dismissed.

Inasmuch, however, as there is no bill of exceptions in the record and the statement as to the facts signed by counsel was obviously prepared after the trial of the case the appeal is not properly before us and will be dismissed.

*Appeal dismissed.*

(Decided October 29th, 1901.)